massey v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-039-CR

BRETT LYNN MASSEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant pled guilty to aggravated sexual assault in 1992, and punishment was set at life due to two prior convictions.  As a part of the investigation into the 1992 case, the State took four specimens of possible DNA.  The State tested the DNA utilizing the RFLP method, and the results showed that Appellant was a probable match.  The victim of the sexual assault also picked Appellant out of a photograph lineup.  Appellant has now moved for further DNA testing claiming that identity was an issue in the prior trial, and new DNA testing would finalize the issue.  The trial court heard oral arguments and then ruled that no evidence existed to show that the new testing is more accurate than the old testing, and the court found that identity was not at issue in this case.  Appellant appeals the trial court’s judgment denying his request for a post conviction DNA test, raising five points.

IDENTITY

In Appellant’s third and fourth points, he attacks the trial court’s finding that identity was not an issue.  In Appellant’s third point, he claims that the trial court abused its discretion in finding that identity was not an issue in this case.  In Appellant’s fourth point, he argues that there was insufficient evidence to support the trial court’s finding that identity was not an issue in this case.  We will review these two points first because they may prove decisive. 

In this case, we review the trial court’s decision under a bifurcated standard of review: “we afford almost total deference to the trial court’s determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues.”  
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  Article 64.03 permits a trial court to order DNA testing only if the court finds that identity was or is an issue in the case.  
See
 Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1)(B) (Vernon Supp. 2003).

Appellant argues that identity is an issue in all criminal cases under article 64.03 of the code of criminal procedure.  The court of criminal appeals has recently held that this is not the case.  
See Bell v. State
, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002).  In 
Bell, 
the court looked at the issue of whether identity was at issue in light of an ineffective assistance claim.  The court ruled that identity was not at issue because Bell confessed to the murder.  The court maintained this ruling despite Bell arguing in the article 64.03 hearing that a third party may have been present at the crime scene and that DNA testing would help to prove this.  
Id.  
The court held that a convicted felon could not show identity was an issue by arguing that future DNA testing might raise the issue.  
Id.
 

Appellant attempted to show that identity was a factor in this case by pointing us to the fact that the prosecution ordered DNA testing of semen samples taken from the victim.  Appellant claims that the prosecutor’s actions show that the victim’s identification was questionable.  We disagree.

The evidence at the hearing showed that the victim made a positive identification of Appellant in a photograph lineup.  The victim neither hesitated nor wavered at identifying Appellant.  There was no evidence to show that the prosecution was concerned about the validity of the victim’s identification.

Further, the DNA test performed in the present case showed that among the Caucasian population there was a one in a hundred and thirty-one millionth of a chance that Appellant was not the original source of the DNA sample.  Appellant does not claim that the prior DNA test was inaccurate.  His only claim is that a new DNA test might exclude him from the possible group of DNA donors.  The State introduced testimony from an expert in DNA at the hearing.  That expert testified that the first DNA test conclusively established Appellant’s identity, and that further DNA testing would not provide any different results than were obtained with the RFLP testing.  We hold that no evidence exists showing that identity ever was or is a contested issue.

Finally, Appellant claimed that despite pleading guilty at trial, he did not commit the crime, and he states that the new DNA test might show that someone else raped the victim in this case.  The court of criminal appeals has held that this argument is insufficient to prove identity was at issue.  
See id
.  (“[c]hapter 64 requires that identity ‘was or is’ an issue, not that future DNA testing could raise the issue”).

After reviewing the record, we hold that the trial court did not abuse its discretion in finding that identity was not an issue in this case.  
See Rivera
, 89 S.W.3d at 59.  We overrule Appellant’s third and fourth points.

CONCLUSION

Because Appellant failed to show that identity was or is an issue in the case, he did not qualify under article 64 for post conviction DNA testing.  Because identity was not at issue at anytime in Appellant’s case, he cannot obtain relief under article 64.  We, therefore, do not need to reach Appellant’s other points on appeal.  We affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL A:  DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 22, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.